By the Court:
The correctness of the judgment depends upon the construction which should be given to section 3245, revised statutes, as amended April 23, 1898 (93 O. *505 L., 230). The material portion of the section is as follows:
“Every stockholder shall have the right to vote in person or by proxy the number of shares owned by him for as many persons as there are directors to be elected, or to cumulate said shares and give one candidate as many votes as the number of directors multiplied by the number of his shares of stock shall equal, or to distribute them on the same principle among as many candidates as he shall think fit; and such directors shall not be elected in any other manner. A majority of the number of shares shall be necessary for a choice.”
Before the amendment of the statute is was held in State v. Stockley, 45 Ohio St., 304, that the statute did not authorize cumulative voting at elections of directors of corporations. For the plaintiffs in error it is contended that although the amended statute plainly authorizes cumulative voting, the result of the election must in all cases be the same as before such voting was authorized. This is said to be the necessary result of the requirement that “a majority of the' number of shares shall be necessary for a choice.” We cannot suppose that the general assembly amended the statute to the end that it should remain unchanged. 'The amendmént clearly authorizes two modes of voting, that is, either by or without cumulating shares. The requirement of a majority of shares must, in order that the clearly-defined purpose of the legislature be not defeated, be regarded as applying only when the shares are voted without cumulating. The statute affords no reason for the conclusion that votes were authorized for any purpose except to influence the result of the election.

Judgment affirmed.